IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02296-BNB

LARRY D. ADAMS,

Applicant,

v.

ARI ZAVARAS, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 0 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Larry D. Adams is a prisoner in the custody of the Colorado Department of Corrections and he currently is housed at the Sterling Correctional Facility at Sterling, Colorado. Mr. Adams initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Adams is challenging the validity of his state court conviction in Denver District Court case number 92CR1090. In an order filed on October 29, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On November 18, 2008, Respondents filed their Pre-Answer Response. Mr. Adams was given an opportunity to file a reply to the Pre-Answer Response but he has not done so.

The Court must construe the application liberally because Mr. Adams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application in part.

Mr. Adams was convicted of first degree murder following a jury trial. He was sentenced to life in prison without the possibility of parole. The judgment of conviction was affirmed on direct appeal. *See People v. Adams*, No. 93CA0425 (Colo. Ct. App. Mar. 21, 1996) (unpublished). On November 12, 1996, the Colorado Supreme Court denied Mr. Adams' petition for writ of certiorari on direct appeal.

Mr. Adams also has filed a state court postconviction motion challenging the validity of his conviction. On October 1, 1997, Mr. Adams filed a postconviction Rule 35(c) motion that the trial court ultimately denied in 2006. On June 12, 2008, the Colorado Court of Appeals affirmed the order denying Mr. Adams' postconviction Rule 35(c) motion. *See People v. Adams*, No. 06CA1592 (Colo. Ct. App. June 12, 2008) (unpublished). On October 6, 2008, the Colorado Supreme Court denied Mr. Adams' petition for writ of certiorari in the postconviction proceedings. The Court received the instant action for filing on October 23, 2008.

Mr. Adams asserts five claims for relief in this action. Respondents concede that the action is timely filed pursuant to 28 U.S.C. § 2244(d) and that Mr. Adams has exhausted state remedies for four of his five claims. However, Respondents contend that Mr. Adams' first claim for relief is not exhausted and is procedurally barred. Mr.

Adams asserts in his first claim that he was denied a fair trial because the trial court allowed the prosecution to present evidence of prior bad acts under Rule 404(b) of the Colorado Rules of Evidence that was not relevant and was highly prejudicial.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

3

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court has reviewed the state court briefs submitted by Respondents and finds that Mr. Adams did not raise his first claim for relief as a federal constitutional claim either on direct appeal or on appeal from the denial of his Rule 35(c) motion. Instead, the claim was raised on direct appeal only as a violation of state law. Therefore, the Court finds that Mr. Adams' first claim for relief is not exhausted.

Although Mr. Adams failed to exhaust state remedies for his first claim, the Court may not dismiss that claim for failure to exhaust state remedies if Mr. Adams no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Mr. Adams no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claim Mr. Adams failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). Therefore, Mr. Adams' first claim for relief is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on

4

comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Adams' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Adams fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his first claim for relief will result in a fundamental miscarriage of justice. Therefore, the Court finds that Mr. Adams' first claim for relief is procedurally barred and must be dismissed.

In summary, the Court will dismiss Mr. Adams' first claim for relief as procedurally barred. Respondents concede that this action is timely and that Mr. Adams' other four claims are exhausted. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's first claim for relief is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 17 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02296-BNB

Larry D. Adams
Prisoner No. 80027
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Clemmie Parker Engle
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk